02-10-185-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00185-CR

 

 


 
 
 Jose Martinez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
432nd District Court OF Tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

          In two points, Appellant Jose Martinez
asserts that the evidence is legally and factually insufficient to support his
conviction for aggravated assault with a deadly weapon.  We affirm.

II.  Factual and Procedural History

          Oliverio Carillo was at the home of his cousin, Fernando Carillo, when they decided to go to the store.[2]  Oliverio’s and
Fernando’s accounts about what occurred next contained some differences, but
generally, their testimonies were that as
they started to leave Fernando’s house, a man in a truck slowly drove by them.  The man was alone.  He made a u-turn, drove back in their
direction, asked them if they had a problem with him, and pointed a gun at Fernando.
 They felt scared and threatened when the
man pointed the gun but neither ran away.

After driving a short distance down the street, the
man fired the gun into the air.  After the shot was fired, the cousins went
back into Fernando’s house, and Fernando called the police.  In the interim, the truck made another u-turn
and parked at the curb a short distance from Fernando’s house.  Fernando (who was still on the phone with the
911 operator) and Oliverio were watching the truck
when the police arrived, and no one got into or out of the truck.  The man they saw arrested was the same man
that had pointed the gun at them.

The cousins’ testimonies differed as to where the
man was when he pointed the gun at them:  Fernando testified that the man pointed the
gun at him through the front window of the truck and that he did not exit the
truck.  He testified that the driver’s
side window was down.  Oliverio testified that the truck’s windows were up but
also that the driver’s side window was slightly rolled down. He also testified
that the man stopped in the middle of the street in front of his cousin’s
house, opened the door, walked around the front of the truck, pulled out the
gun, and pointed it at them before getting back into the truck, driving down
the street, firing a shot, and then making another u-turn.  There was also some confusion in their
testimonies about who was inside and outside of the house after the gunshot and
about the view from inside and outside of the house.  At trial, neither Fernando nor Oliverio was able to identify Martinez as the driver.

The first officer to respond to the 911 call was Fort
Worth Police Officer Jill Abramoski.  She testified that she was only a block away
from the location of the incident when she received the 911 dispatch, and upon
arriving at the location, she identified a truck in the area matching the description
dispatch provided; there were no other vehicles in the area that matched the
description.  She recognized Martinez,
the driver, from prior interactions and knew he did not live on Fernando’s
street.  He was the only person in the
truck, and the driver’s side window was down.  Martinez gave her permission to search his
truck.  As he moved to exit the truck, he
lifted the center console and a handgun fell from it onto the back seat
floorboard.  At this point, Abramoski handcuffed Martinez and recovered the handgun, a .38
caliber pistol that contained five spent casings.  A Ziploc-style bag in the truck’s open console
contained three additional live rounds of the same caliber.

Officer James Alexander testified that he went to
Fernando’s house, that the cousins were visibly shaken
and scared, and that they would not go into the street but just pointed from
the house to the truck’s location.  Victoria
Van Fleet, a forensic scientist with the Fort Worth Police Department Crime
Laboratory, testified that she examined the gun, that the hammer had to be
manually cocked to fire it, and that a gunshot residue test can sometimes
determine if a person has fired a weapon.  However, no evidence was introduced that
Martinez was given such a test or that fingerprints were taken from the weapon
to match to Martinez.

Martinez was charged with aggravated assault with a
deadly weapon for pointing a gun at Fernando.  A jury found him guilty, found that a firearm
was used, and sentenced him to seven years’ confinement.  This appeal followed.

III. 
Sufficiency of the Evidence

          Martinez challenges both the legal and
factual sufficiency of the evidence to support his conviction.  However, as the court of criminal appeals has
recently overruled Clewis v. State, 922 S.W.2d 126, 133B34
(Tex. Crim. App. 1996), we review his sufficiency complaint under only the
standard set out in Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 
See Brooks v. State, No.
PD-0210-09, 2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6, 2010) (overruling Clewis).

A.  Standard
of Review 

In reviewing the sufficiency of the evidence to
support a conviction, we view all of the evidence in the light most favorable
to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson, 443 U.S. at 319,
99 S. Ct. at 2789; Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  This standard gives full play to the
responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Jackson, 443
U.S. at 319, 99 S. Ct. at 2789; Clayton,
235 S.W.3d at 778.  The trier of fact is the sole judge of the weight and
credibility of the evidence.  See Tex. Code Crim. Proc.
Ann. art. 38.04 (Vernon 1979); Brown
v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a sufficiency review,
we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.  Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000). 
Instead, we “determine whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict.” 
Hooper v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder
resolved any conflicting inferences in favor of the prosecution and defer to
that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Clayton, 235 S.W.3d at 778.

B.  Analysis

          A
person commits the offense of aggravated assault if he intentionally or
knowingly threatens another with imminent bodily injury and uses or exhibits a
deadly weapon during the commission of the assault.  See
Tex. Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2010).  While the cousins’ testimonies were not perfectly consistent,
particularly concerning Martinez’s location when he pointed the gun, the record
reflects that Martinez possessed a firearm, that he aimed the firearm at Oliverio and Fernando after initiating a confrontation with
them, that he fired the gun into the air, and that the cousins felt scared and
were visually shaken by the incident.  See id.
 The trier
of fact resolves disputes involving the credibility of witness testimony;
applying the above standard of review, we hold that the evidence is sufficient
to sustain the conviction for aggravated assault with a deadly weapon.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  We overrule Martinez’s sole point.[3]

IV.  Conclusion

 

          Having overruled Martinez’s sole
point, we affirm the trial court’s judgment.

 

 

BOB MCCOY
JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 2, 2010











[1]See Tex. R. App. P. 47.4.





[2]Both
Oliverio and Fernando testified through an
interpreter.





[3]While
Martinez phrased his points in terms of legal and factual sufficiency, as
mentioned above, the court of criminal appeals has since overruled Clewis, so his
sufficiency points are now but a single point.